### FERNÁNDEZ *v.* PATXOT.

#### APPEAL from the District Court of Mayagüez.

No. 66.—Decided December 18, 1906.

PRESCRIPTION—REAL ACTION.—Real actions involving real property prescribe within thirty years, and it appearing that the defendants and their predecessors in interest have been in possession of the joint ownership claimed in the case at bar for more than fifty years without interruption, and the action prosecuted being a real action it must be held to have prescribed.

The facts are stated in the opinion.
*Mr. Monserrat* for appellant.
The respondent did not appear.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On January 22 of the current year, Arturo Fernández Drouet filed a complaint in the District Court of Mayagüez against Ernesto Patxot y Blanch, Gerónimo and Emilio Patxot y Torrellas, and Rosendo Quiñones, in which he prayed that after the necessary proceedings, judgment be rendered ordering the recognition in his favor of the ownership of a one-twelfth interest in a lot, and in the warehouse erected thereon, in the *barrio* of La Marina, in said city, of which the

first three defendants are in possession, and which they had sold to the last mentioned under a redemption agreement; and furthermore, that the four be adjudged to pay him as interest to the date of the complaint the sum of $2,378, and subsequent interest accruing at the rate of 4 *pesos* per month to the date of the execution of the judgment, with the costs against said defendant.

The complaint contains the following allegations of fact:

"First. Juan Drouet, who was the widower of Rosa Lebri, died in this city leaving a will by which he constituted as his only heirs his children, called Serafina, Monserrate, Tiburcia and Juan Cosme, had of his marriage with Rosa Lebri.

"Second. The settlement of the Estate of said Juan Drouet having been proceeded with, in the partition which was made of the estate there was awarded to Serafina Drouet, in part payment of her share by inheritance, an interest valued at $3,524 in a frame house, having an upper and lower floor, and a shingle roof, situated on the *playa* of this city, facing the sea, bounded on the north by another house belonging to Gerónimo Patxot, on the south by property of Juan José Cartagena, on the east by lands belonging to Cornelia Bey, on the west by Aduana street, the same house having belonged to the testator.

"Third. Serafina Drouet, the mother of Manuel Drouet, died in 1841, leaving a will in which she constituted as her heirs her four natural children: Rodolfo, Agustina, Manuel Santiago, and Juan José, of whom the last died before his mother, his hereditary share accruing to the other brothers and sister; and the division and partition of the estate among her three children having been made, the share of each in the house referred to in the first allegation of fact, was found to be 262 *pesos*, which had to be sold in order to pay them this sum, and which, at that time, was valued at $3,000, so that one-half of that sum was due Serafina as her paternal inheritance, and said half was distributed among her three children and heirs.

'Fourth. Gerónimo Patxot acquired the interests of some of the parties in said house, and about 1855 or 1856 it was destroyed by fire, whereupon Patxot built upon the lot a new masonry warehouse fronting on Commercio street and adjoining on the right a warehouse belonging to Messrs. Galiano and on the left another belonging to Messrs. Blanes.

"Fifth. Patxot absolutely ignored the interests of the Estate of

Serafina, and since said date Patxot, and afterwards his successors in interest, first, the widow, Gertrudis Blanch, and then her estate, consisting of the defendants, Ernesto, her son, and her grandchildren, Gerónimo and Emilio Patxot, the last two the children and heirs of Emilio Patxot y Blanch, appropriated the entire lot and house thereon, enjoying the usufruct thereof exclusively, and excluding the father of my client and the latter, after his father's death, from any participation therein.

"Sixth. On December 25, 1865, Manuel Drouet executed his will in which he claimed to hold as his property that which he had inherited from his mother Serafina, and his grandmother, Rosa Lebri, according to the respective testamentary proceedings, and constituted his cousin, the plaintiff,, Arturo Fernández Drouet, his sole and universal heir.

"Seventh. The house to which reference is made was known by the name of 'La Fonda,' and was thus designated, having been appraised at $5,000 in the testamentary proceedings of Juan Drouet, and subsequently at $3,000 in the testamentary proceedings of Serafina, as has been seen in the foregoing allegations, it being estimated that the warehouse built on said lot might have produced an average rental of $50 per month.

"Eighth. At the present time the entire lot and warehouse belong to Ernesto Patxot y Blanch, the legitimate son of Gertrudis and Gerónimo Patxot, and Gerónimo and Emilio y Torrellas, the sons of the deceased Emilio, the full brother of Ernesto, who refused to recognize the rights of my client in such property and in the proportionate rentals derived therefrom.

"Ninth. Messrs. Ernesto, Gerónimo and Emilio Patxot recently sold the warehouse in question under a deed containing a redemption clause, to Rosendo Quiñones, engaged in business in this city, who has consequently acquired a conditional ownership to said estate."

The defendants alleged in their answer that the plaintiff had no cause of action whatsoever, and even if he had had any it would have been barred by prescription, as could be deduced from the facts alleged in the complaint.

April 21 having been set for the trial, the court, after hearing the evidence and the pleadings of the parties, reserved judgment until the following 21st of May, in which, upon the ground that any action that the plaintiff might have

had against the lot and building in question having prescribed by operation of law, it held that the law and the facts were against said plaintiff, and consequently decreed and ordered that he recover and obtain nothing from the defendants and that the latter be relieved of all claims with respect to the complaint, with the costs against the plaintiff, against whose property execution was to issue for the satisfaction of. the judgment.

Counsel for Arturo Fernández Drouet took an appeal from this judgment, which he supported in this court by a lengthy brief, the respondent not having appeared to contest it, either orally or by brief.

It is sufficient for us to examine the fundamental facts of the complaint to arrive at the conclusion that the judge of the District Court of Mayagüez conformed to the facts and the law in rendering the judgment appealed from, because if, as alleged in the fifth allegation of the complaint, Gerónimo Patxot and, subsequently his successors in interest, first,. the widow, Gertrudis Blanch, and then his estate, consisting of the defendants, his son Ernesto, and his grandchildren, Gerónimo and Emilio Patxot, had appropriated since the year 1855 or 1856 the lot and building erected thereon, enjoying the usufruct thereof exclusively, it is clear that Gerónimo entered upon the possession of the lot and house about fifty years ago, his heirs and successors continuing therein without there being the slightest indication in the complaint that said possession had ever been interrupted.

In view of these facts, the application of the law is an easy matter, because according to section 1864 of the Civil Code in force, which is a reproduction of article 1963 of the former Code, real actions with regard to real property prescribe after thirty years, without prejudice to the provisions relating to the acquisition of ownership or of property rights by prescription; and the action exercised being a real action, it is evident that it has prescribed by the lapse of time fixed by the law

For the reasons stated the judgment appealed from should be affirmed, with the costs of the appeal against Arturo Fernández Drouet.

*Affirmed.*

Chief Justice Quiñones, and Justices Figueras, MacLeary and Wolf concurred.